IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Kris Sarayn Kollyns (formerly #145461), a/k/a Christopher S. Kollins, a/k/a John Wayne Todd, a/k/a Johnnie W. Todd, | ) ) ) ) | C/A No.  3:05-3328-JFA-JRM |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| Dr. Jose Chavez, in his individual capacity; Dr. Selman Watson, in his individual capacity; and South Carolina Department of Mental Health, for injunctive relief, | ) ) ) ) ) | |
| Defendants. _____ | ) ) | |

This matter is before the court for review of the magistrate judge's report and recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

1

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

Plaintiff Kris Sarayn Kollyns is involuntarily civilly committed to the South Carolina Department of Mental Health ("SCDMH") Behavior Disorders Treatment Program ("BDTP") pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. § 44-48-10, et seq.[1]  He filed this 42 U.S.C. § 1983 action pro se and in forma pauperis, complaining that, for visits outside the BDTP, he is transported in leg irons, which cause him physical harm.  According to his complaint, he seeks injunctive relief and monetary damages.

The magistrate judge considered the following three motions: (1) defendants' motion for summary judgment [#16] filed March 31, 2006; (2) plaintiff's motion to strike defendant's supplement [#25] filed May 16, 2006; and (3) plaintiff's motion for summary judgment [#27] filed June 13, 2006.  The magistrate judge filed a detailed and comprehensive Report on December 14, 2006, recommending that defendant's motion for summary judgment be granted and plaintiff's motion to strike and motion for summary judgment be denied.  Objections to the Report were due by January 4, 2007, however, neither party filed any objections.  This matter is now ripe for the court's review.

After carefully reviewing the applicable law, the record in this case, including the pending motions and related memoranda, together with the Report, the court finds that the magistrate judge's Report fairly and accurately summarizes the facts and applies the correct

---

[1]  A person involuntarily civilly committed, by definition, is not a prisoner and is not subject to the exhaustion requirements of 42 U.S.C. § 1997e(a)(1994 ed., Supp. V).

2

principles of law. The court adopts the recommendation of the magistrate judge in full and incorporates his Report by specific reference.

Therefore, the court (1) grants defendants' motion for summary judgment [#16]; (2) denies plaintiff's motion to strike defendant's supplement [#25]; and (3) denies plaintiff's motion for summary judgment [#27]. The clerk is instructed to close this case.

IT IS SO ORDERED.

January 19, 2007                                         s/ Joseph F. Anderson, Jr.
Columbia, South Carolina                                 United States District Judge